PANTRY PRIDE-FOOD FAIR STORES, INC., et al.

v.

AUDREY N. BACKUS

No. 0496-93-1

AUDREY N. BACKUS

v.

PANTRY PRIDE-FOOD FAIR STORES, INC., et al.

No. 0602-93-1

Decided April 5, 1994

COUNSEL

Jimese L. Pendergraft (Robert A. Rapaport; Knight, Dudley, Dezern & Clarke, P.L.L.C., on briefs), for Pantry Pride-Food Fair Stores.

Gail Moore Waddell (The Law Offices of Cecil G. Moore, on brief), for Audrey N. Backus.

OPINION

**BARROW, J.**—These cross-appeals are from an award of compensation for permanent, total incapacity of the employee's legs. We hold that the commission did not have to make an explicit, numerical rating of the disability for each leg where evidence of

such a rating by a physician was presented to the commission and the commission determined that the employee was totally disabled because of the impairment she suffered in both legs. Furthermore, because the underlying purpose of the commission's Rule 13(B)[1] was served, the commission did not err in applying the rule to limit compensation to the period ninety days before the claimant filed her application for additional compensation.

The employee injured her back in the course of her employment, and the employer accepted the injury as compensable. Pursuant to a Memorandum of Agreement, the employer paid temporary total disability benefits to the employee for 500 weeks, after which time she could no longer receive temporary benefits. *See* Code § 65.2-500(D). Almost three years later, the employee's family physician determined that she "has lost 25% of the functioning of both legs." Immediately, the employee applied for a change in condition, alleging "permanent and total incapacity from loss or use of both legs," based upon her family physician's rating.

In his deposition before the hearing, the family physician quoted a letter from a neurosurgeon, who had also treated the employee, describing "intractable right leg pain and a great deal of low back pain." He testified that this pain was limited to right leg and lower back, and said that a conservative rating was a twenty-five percent loss. He testified that there was "minimal functional loss in the left leg," but included the left leg in the rating because it was not strong enough to support the fifty-five year old employee when the right leg went out.

The family physician testified that he thought the employee could manage to work a sedentary job if she were provided transportation, could perform her job seated with proper support, and could take breaks. Further, he said her discomfort and need to change positions could pose a problem in employment, as could her need for sedating pain medications.

The commission held that the employee's functional loss of both legs and her incapacity to engage in gainful employment "are properly considered together as a basis for determining permanent and total incapacity pursuant to the Virginia [Workers' Compen-

---

[1] Now Rule 1.2(B).

sation] Act." It awarded her compensation for permanent, total loss of the use of both legs, but also held that Rule 13(B) barred the award of benefits for more than ninety days prior to the employee's application for a change in condition. The employer appealed the award of benefits, and the employee appealed the application of Rule 13(B).

Code § 65.2-503(C)(1) provides compensation for "permanent and total incapacity" for "[l]oss of . . . both legs." "In construing this section, the permanent loss of the *use* of a member shall be equivalent to the loss of such member, and for the permanent partial loss or *loss of use* of a member, compensation may be proportionately awarded." Code § 65.2-503(D) (emphasis added).

"Loss of use" need not be measured in terms of an anatomical loss. *Commonwealth v. Powell*, 2 Va. App. 712, 715, 347 S.E.2d 532, 533 (1986). " '[T]otal and permanent loss' or 'loss of use' do not mean that the leg is immovable or that it cannot be used in walking around the house, or even around the block." *Virginia Oak Flooring Co. v. Chrisley*, 195 Va. 850, 857, 80 S.E.2d 537, 541 (1954). Although an award of benefits under this section does not depend upon "the capacity or incapacity of claimant to engage in gainful employment," this capacity "is a proper element for consideration" in determining the extent of loss of use of a member. *Id.* at 860, 80 S.E.2d at 542; *Commonwealth, Dep't of Motor Vehicles v. Williams*, 1 Va. App. 401, 406, 339 S.E.2d 552, 555 (1986).

In determining whether benefits for partial loss are to be awarded, "the commission must rate 'the percentage of incapacity suffered by the employee' based on the evidence presented." *Hungerford Mechanical Corp. v. Hobson*, 11 Va. App. 675, 677, 401 S.E.2d 213, 215 (1991) (quoting *County of Spotsylvania v. Hart*, 218 Va. 565, 568, 238 S.E.2d 813, 815 (1977)). "Medical evidence is not necessarily conclusive, but is subject to the commission's consideration and weighing." *Hungerford*, 11 Va. App. at 677, 401 S.E.2d at 215.

The commission's failure to express a numerical rating of the employee's incapacity[2] was not error. In *Cafaro Construction Co. v. Strother*, 15 Va. App. 656, 426 S.E.2d 489 (1993), which also involved a lower back injury causing a functional loss of an employee's legs, we reversed the commission's award of benefits where the employee failed to "present evidence rating the functional loss of use of his legs." *Id.* at 662, 426 S.E.2d at 493. We held that the commission erred in relying on the employee's prior total disability, for which the employee had already been compensated under Code § 65.2-500, to satisfy the requirements of Code § 65.2-503. *Id.* In that case, "because the evidence in support of the claimant's application fail[ed] to rate the functional loss of use of his legs, the claimant failed in his burden of proof to establish entitlement to benefits for permanent partial or total loss of use of his legs." *Id.* Therefore, *Cafaro* requires that evidence of such a rating be considered by the commission. In this case, the commission did consider such evidence.

Credible evidence supports the commission's determination that the employee has a functional, permanent loss of both of her legs. Although a rated loss of less than 100% does not constitute a total loss of both legs if an employee can return to work, *Borden v. Norman*, 218 Va. 581, 587, 239 S.E.2d 89, 93 (1977), the evidence in this case supports a finding that this employee could not return to work. She would have required transportation to and from work, could not climb stairs, would need to remain seated and supported, might need to shift position every few minutes because of pain, and would require sedating medication. Although the physician described the loss to the employee's left leg as minimal, he rated the loss to both as twenty-five percent because the nerve fibers were actually interrupted to the left leg and it would not support her when the right leg failed. The evidence of a rated loss of twenty-five percent of both legs, coupled with the additional evidence of her incapacity for employment, supports the commission's finding that the employee is permanently unemployable as a consequence of her loss of function in both legs.

■ Findings of fact made by the commission are binding on this court if they are supported by credible evidence. Code § 65.2-

---

[2] The commission did not make an explicit, numerical rating. However, a rating of 100% might be implied from a finding of total incapacity. A specific numerical rating may be required where proportional benefits are to be awarded.

706; *Goodyear Tire & Rubber Co. v. Watson*, 219 Va. 830, 833, 252 S.E.2d 310, 312 (1979); *Jules Hairstylists, Inc. v. Galanes*, 1 Va. App. 64, 68, 334 S.E.2d 592, 595 (1985). Therefore, we will not disturb the commission's findings in this case.

■ Next, we address the applicability of the commission's Rule 13(B). Under this rule, an employee's application for a review upon a change of condition "must state the change in condition relied upon," and "[n]o additional compensation may be awarded more than ninety days prior to the filing of the application." Rule 13(B) exists to protect the employer's right to provide medical treatment and rehabilitation to reduce liability by providing the employer notice of a change in the employee's condition. *Bristol Door & Lumber Co. v. Hinkle*, 157 Va. 474, 478, 161 S.E. 902, 902 (1932); *Graham v. Peoples Life Ins. Co.*, 7 Va. App. 61, 70, 372 S.E.2d 161, 166 (1988) (en banc).

The employee's application was based on a change in the conditions which had resulted in termination of her compensation. After expiration of the 500 weeks during which she was entitled to benefits for temporary total incapacity, she did not receive compensation. Not until she experienced permanent, total incapacity of both legs was she entitled to a resumption of compensation. Thus, the conditions entitling her to compensation had changed, and the employer was entitled to notice to assure its ability to mitigate its liability through rehabilitation or treatment. The commission cannot determine if the employer's efforts to have done so would have been futile more than ninety days before the filing of the employee's application. Therefore, the commission did not err in applying its Rule 13(B), even though it found that the employee is now permanently and totally disabled.

For these reasons, we affirm the commission's award of compensation.

*Affirmed.*

Baker, J., and Fitzpatrick, J., concurred.