COURT OF APPEALS OF VIRGINIA


Present:  Judges Koontz, Bray and Annunziata


EASTERN AIRLINES, INC.
AND
TRAVELERS INDEMNITY COMPANY

                                        MEMORANDUM OPINION[*]
v.   Record No. 0293-95-4                  PER CURIAM
                                         JULY 18, 1995
VINCENT RAYMOND JANES, JR.


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

                (Elizabeth A. Zwibel; Siciliano, Ellis, Dyer &
                Boccarosse, on brief), for appellants.

                (Michael W. Heaviside; Ashcraft & Gerel, on brief),
                for appellee.


        Eastern Airlines, Inc. and its insurer contend that the

Workers' Compensation Commission erred in finding that Vincent

Raymond Janes, Jr. was entitled to an award of permanent and

total disability benefits pursuant to Code § 65.2-503(C)(1).

Upon reviewing the record and the briefs of the parties, we

conclude that this appeal is without merit.  Accordingly, we

summarily affirm the commission's decision.  Rule 5A:27.

        Janes, an airline pilot, injured his back on August 2, 1984

while lifting a flight bag.  Shortly thereafter, he underwent

surgery for a herniated disc.  The employer accepted Janes' back

injury and resulting left lower extremity weakness as

compensable.  Pursuant to a memorandum of agreement and award,

the employer paid 500 weeks of temporary total disability

_____

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

benefits to Janes.  These benefits ended on March 14, 1994.  On April 4, 1994, Janes filed an application seeking permanent total disability benefits for the loss of use of both of his legs.  His application was based upon impairment ratings rendered by his treating neurosurgeon, Dr. Michael W. Dennis, in August 1993 and March 1994.

Janes testified that his condition had worsened since the 1984 accident and that he suffers from pain in both legs.  He stated that he had not worked since the accident, and that he did not believe he could work.  He is able to perform some household chores and can drive short distances.  He is able to stand for thirty-five to forty minutes and to sit for thirty to forty-five minutes.  He can walk for short periods of time.  However, he takes narcotic medications on a daily basis to control his pain.  He must also use a brace and orthopedic shoes.

Beginning in April 1986, Dr. Dennis consistently opined that Janes was totally disabled from all forms of employment.  On August 17, 1993, Dr. Dennis opined that Janes had reached maximum medical improvement.  Dr. Dennis rated Janes' left leg impairment at seventy-five percent.  On March 11, 1994, Dr. Dennis noted that Janes remained symptomatic.  Dr. Dennis rated Janes' right leg impairment at twenty percent.  Dr. Dennis based this opinion on Janes' "professed weakness and pain" in the right leg.  Moreover, there are several references in Dr. Dennis' notes to Janes' right leg pain and collapse of his right leg due to

weakness associated with his back complaints.

On June 13, 1994, Dr. Niren N. Bhaduri, a general surgeon, opined that Janes' right leg was thirty percent disabled and his left leg was seventy-five percent disabled.

Dr. Leonard G. Perlman, who provided psychological consultation on July 29, 1994, concluded that Janes was not "employable at the competitive or even sheltered level." Dr. Perlman stated that Janes' difficulties with walking and the "unsteadiness in both of his legs would hinder his ability to get a job and sustain even the usual and customary movement in a work setting." Dr. Perlman also cited Janes' chronic, intractable low back and leg pains, and his difficulties walking with pain and standing or sitting for reasonable periods, as factors which weighed against his employability.

Code § 65.2-503(C)(1) provides for an award of compensation under Code § 65.2-500 for permanent and total incapacity when there is loss of use of both legs in the same accident. A ratable loss of use of both legs of less than 100 percent, coupled with evidence of incapacity for employment, is sufficient to establish that an employee is permanently unemployable. Pantry Pride v. Backus, 18 Va. App. 176, 180, 442 S.E.2d 699, 702 (1994).

On appeal, we view the evidence in the light most favorable to the prevailing party below. R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

3

Factual findings made by the commission will be upheld on appeal if supported by credible evidence. James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989). Janes' testimony, and the uncontroverted notes and reports of Drs. Dennis, Bhaduri, and Perlman, provide sufficient credible evidence to support the commission's findings that Janes sustained a ratable impairment to both of his legs resulting in his inability to engage in gainful employment. Therefore, the commission did not err in awarding permanent total disability benefits to Janes.

For the reasons stated, we affirm the commission's decision.

Affirmed.