COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judge Benton and
          Senior Judge Duff


MAHER ELGNAWEY

                                MEMORANDUM OPINION* BY
v.    Record No. 1144-99-4     JUDGE JAMES W. BENTON, JR.
                                      MARCH 21, 2000
NORTHERN VIRGINIA STEEL CORPORATION
 AND TRAVELERS INSURANCE COMPANY


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              (Maher Elgnawey, pro se, on brief).
              Appellant submitting on brief.

              (Roger S. Mackey, on brief), for appellees.
              Appellees submitting on brief.


     The Workers' Compensation Commission denied Maher Elgnawey's

claim for total and permanent disability benefits.  Elgnawey

contends the commission erred in ruling that he failed to prove 1)

he sustained an injury to the brain, resulting in total and

permanent disability, or 2) he was unable to use his legs in any

substantial degree in gainful employment, resulting in total and

permanent disability.  For the reasons that follow, we affirm the

commission's decision.

                                I.

     It is a fundamental principle that the commission's factual

findings are binding on appeal if they are supported by credible

---

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

evidence.  See Code § 65.2-706(A); Spruill v. C.W. Wright Constr. Co., 8 Va. App. 330, 332, 381 S.E.2d 359, 360 (1989).  "In determining whether credible evidence exists, the appellate court does not retry the facts, reweigh the preponderance of the evidence, or make its own determination of the credibility of the witnesses."  Wagner Enterprises v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991).  Therefore, unless we determine, as a matter of law, that Elgnawey proved by a preponderance of the evidence that he is totally and permanently disabled as a result of his industrial accident, the commission's contrary decision is binding and conclusive.  See Owens v. Virginia Dept. Transportation/Commonwealth, 30 Va. App. 85, 87, 515 S.E.2d 348, 349 (1999).

The statute in effect at the time of Elgnawey's injury, provided as follows:

> The loss of both hands, both arms, both feet, both legs, or both eyes, or any two thereof, in the same accident, or an injury for all practical purposes resulting in total paralysis as determined by the Commission based on medical evidence or an injury to the brain resulting in incurable imbecility or insanity shall constitute total and permanent incapacity.

Code § 65.1-56(18).  Applying this statute, we have defined "incurable imbecility" as "an irreversible brain injury which renders the employee permanently unemployable and so affects the non-vocational quality of his life [that it] eliminat[es] his ability to engage in a range of usual cognitive processes."

-

<u>Barnett v. D.L. Bromwell, Inc.</u>, 6 Va. App. 30, 36, 366 S.E.2d 271, 274 (1988).

                                 II.

Credible evidence in the record supports the commission's finding that Elgnawey was not entitled to total and permanent disability benefits for the injury he suffered.  Viewed in the light most favorable to the prevailing party, <u>see</u> <u>Owens</u>, 30 Va. App. at 87, 515 S.E.2d at 349, the evidence proved that on May 26, 1987, Elgnawey fell off a ladder, injuring his back.  A physician initially diagnosed muscle strain.  Later, Dr. Joseph White diagnosed a herniated disc and performed a discectomy and a laminectomy.  In an April 1998 report, Dr. White gave Elgnawey a twenty-percent impairment rating in both lower extremities and, several weeks later, concluded that Elgnawey was disabled from multiple etiologies, noting that his "depression is . . . of significant concern."  Dr. White further opined that Elgnawey's "low back pain and the fact that he cannot trust his legs, keeps him from any gainful employment at this time."

Dr. Richard Baither, a licensed clinical psychologist, diagnosed Elgnawey with major depression due to chronic pain and recommended inpatient chronic pain management treatment.  In October 1997, Dr. Baither opined that Elgnawey is totally and permanently disabled because of his psychiatric condition, which is causally related to the work injury.  Dr. Baither testified

                                 -

that he based his diagnosis of depression on subjective complaints from Elgnawey rather than on objective symptoms.

Dr. Baither also testified that although Elgnawey suffered a sudden shock to his spinal cord, he did not suffer a brain injury and does not have post-traumatic stress disorder. He believed that the changes to Elgnawey's central nervous system were such that Elgnawey's nerve cells are no longer able to produce sufficient amounts of neurotransmitters. He also testified that the two strokes Elgnawey suffered could have a traumatic effect on the brain. Dr. Baither further said that Elgnawey's neck injuries from automobile accidents in 1992 and 1995 were additional sources of pain and that a 1997 heart attack was a significant source of stress for Elgnawey.

Elgnawey's vocational rehabilitation specialist testified that Elgnawey is not employable. He also testified that Elgnawey's strokes, heart attack, and automobile accidents could be the cause of his disability. He conceded that he did not attempt to determine the cause of Elgnawey's disability.

Upon its review, the commission rejected Elgnawey's contention that a brain injury can be compensable under the statute even if it is a slow and gradual consequence of an injury by accident to the spinal cord. Citing Allan & Rocks, Inc. v. Briggs, 28 Va. App. 662, 508 S.E.2d 335 (1998), Elgnawey argues that the commission erred. We disagree. Briggs, which

-

decided issues related to "compensable consequences" of a work related injury, does not support his argument.

Our cases establish that total and permanent disability resulting from brain injury under Code § 65.1-56(18) is established only when an employee proves a sudden shock or injury specifically to the brain, not to some other body part such as the spinal cord.  See, e.g., Daniel Const. Co. v. Tolley, 24 Va. App. 70, 76, 480 S.E.2d 146, 148 (1997) (holding that post-traumatic stress disorder induced by a dynamite blast was "an 'injury' that resulted in 'structural changes' to the brain"); Barnett, 6 Va. App. at 32, 366 S.E.2d at 272 (noting that injury was caused by a direct trauma to the brain which occurred when the employee was hit by a fireplace door).

In Tolley, this Court affirmed a finding by the commission that Tolley was entitled to total and permanent disability benefits for post-traumatic stress disorder resulting from a sudden dynamite explosion which occurred in the course of his employment.  See 24 Va. App. at 77, 480 S.E.2d at 148.  The commission relied upon the doctor's testimony that Tolley had suffered a severe brain injury and upon Tolley's medical records, which indicated that his injury had been consistently diagnosed since the time of the explosion.  See id. at 77, 480 S.E.2d at 148-49.  The doctor reported "that post-traumatic stress disorder results in irreversible structural changes within the neurons in the brain that include damage to

-

neurosynaptic receptors and serotinergic neurotransmitters . . . [and] opined that such damage had occurred to [Tolley's] brain and that this injury impaired [his] cognitive abilities." Id. at 78, 480 S.E.2d at 149. Thus, "we [held] that the evidence was sufficient to prove that [Tolley] suffered an injury to his brain." Id. at 77, 450 S.E.2d at 148.

In this case, however, the evidence proved that Elgnawey suffered an injury to his spinal cord, rather than his brain. Thus, Elgnawey did not prove the necessary link between his injury by accident and entitlement to total and permanent disability for injury to his brain pursuant to Code § 65.1-56(18).

### III.

Under the former statute, total and permanent disability benefits may be awarded if the employee proved "the loss of both . . . legs . . . in the same accident, or an injury for all practical purposes resulting in total paralysis as determined by the Commission based on medical evidence." Code § 65.1-56(18). The statute further provided that "[i]n construing this section the permanent loss of use of a member shall be held equivalent to the loss of such member." Id.

Credible evidence supported the commission's finding that Elgnawey did not suffer a permanent loss of use of his legs.

> The phrases "total and permanent loss" or
> "loss of use" of a leg do not mean that the
> leg is immovable or that it cannot be use[d]

-

in walking around the house, or even around the block. They do mean that the injured employee is unable to use it in any substantial degree in any gainful employment.

Virginia Oak Flooring Co. v. Chrisley, 195 Va. 850, 857, 80 S.E.2d 537, 541 (1954).

Elgnawey contends that his disability is far more severe than the disability that qualified the employee for total and permanent benefits in Pantry Pride v. Backus, 18 Va. App. 176, 442 S.E.2d 699 (1994). In Backus, however, the "employee could not return to work . . . [because she] would have required transportation to and from work, could not climb stairs, would need to remain seated and supported, might need to shift positions every few minutes because of pain, and would require sedating medication." Id. at 180, 442 S.E.2d at 701-02. Moreover, we held that "[t]he evidence of a rated loss of twenty-five percent of both legs, coupled with the additional evidence of her incapacity for employment, support[ed] the commission's finding that the employee is permanently unemployable as a consequence of her loss of function in both legs." Id. at 189, 442 S.E.2d at 702.

The evidence did not establish that Elgnawey is permanently unemployable because of the loss of function of his legs. Indeed, the evidence proved and the commission found that Elgnawey is able to drive an automobile, has ascended and descended stairs, walked on the beach while on vacation, and was

-

able to travel by airplane to Egypt.  Moreover, Elgnawey's wife testified that his pain has decreased since a morphine pump was surgically implanted in his back.

In addition, the rehabilitation specialist testified that, if disability to Elgnawey's legs were the only disability from which he suffered, he could be accommodated in a work environment.  The evidence proved, however, that Elgnawey has suffered a number of injuries unrelated to his employment, including two car accidents, two strokes, and a heart attack.  Thus, Dr. White opined that Elgnawey is disabled due to "multiple etiologies."

For the foregoing reasons, we affirm the commission's decision.

Affirmed.