COURT OF APPEALS OF VIRGINIA


Present:    Judges Frank, McCullough and Senior Judge Annunziata
Argued at Alexandria, Virginia


MICHAEL STARR HOPKINS, SR.

MEMORANDUM OPINION* BY
v.         Record No. 1053-11-4              JUDGE ROBERT P. FRANK
JANUARY 10, 2012

RDA, INC. AND
 COMPANION COMMERCIAL INSURANCE COMPANY


FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

(Richard J. Link; Karpel & Link, on brief), for appellant.  Appellant
submitting on brief.

Dana L. Plunkett (Midkiff, Muncie & Ross, P.C., on brief), for
appellees.


Michael S. Hopkins, Sr., appellant/claimant, appeals the Workers' Compensation

Commission's finding that he was not entitled to permanent and total disability benefits.  For the

reasons stated, we affirm the commission.

BACKGROUND

On appeal from a decision of the commission, we review the evidence in the light most

favorable to employer, RDA, Inc., the party prevailing below.  Lynchburg Foundry Co. v. Goad,

15 Va. App. 710, 712, 427 S.E.2d 215, 217 (1993).

Claimant received a compensable work-related injury on December 23, 2004.  The award

was based on injuries to his right leg, right groin, and low back.  On August 18, 2009, claimant

filed an application for a hearing, based on a change in circumstances, claiming he was entitled

to permanent and total disability benefits.  At the May 5, 2010 deputy commissioner's hearing,

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

the deputy considered the lengthy medical reports submitted by the parties and heard claimant's testimony.

It is important to note there was disagreement among the physicians as to whether claimant was permanently and totally disabled. Here, we only recite portions of the medical reports necessary to resolve the issue on appeal.

Claimant testified he has been physically unable to work since November of 2008 because of back and leg pain. Because he is unsteady in his gait, he must rely on a walker or cane. When he sits for any period, his "back goes out." He testified he is unable to do even light-duty or sedentary work. He explained that the pain medication he takes makes him very unstable, causing difficulty with driving. However, he does drive on a limited basis, for short distances. The risk of falling hinders his ability of movement due to the lack of feeling in his legs. His wife assists him in driving, eating, and maneuvering around the house. He experiences constant pain in both legs and has no strength in either leg. The pain has worsened since the compensable injury. Claimant testified he also has had left leg issues "from the beginning." Eventually, claimant said because of the pain, he is confined to his bed and chair. He cannot climb stairs.

In a letter to claimant's counsel dated February 12, 2010, claimant's primary treating physician, Dr. Harry Li, opined that claimant's disability "is total and permanent and will continue to deteriorate with time." Dr. Li indicated claimant should be removed from the work force.

Dr. Zeena Dorai, claimant's treating neurosurgeon, in a letter to claimant's counsel dated February 18, 2010, indicated claimant was partially disabled due to his lumbar condition. Later, on April 23, 2010, Dr. Dorai opined claimant is entitled to permanent partial disability related to the right leg.

On September 17, 2009, Michael S. Shear, M.D. related that claimant was permanently and totally disabled and concluded claimant could not work "for even an hour or two at a time."

On October 15, 2009, orthopedic surgeon John Bruno, M.D. independently evaluated claimant. Dr. Bruno assessed claimant with 37% permanent physical impairment as a result of his lower back sciatic condition and the thoracic laminectomy. On February 15, 2010, Dr. Bruno wrote that 23% of the impairment rating was attributable to claimant's lumbar condition and sciatica. On April 14, 2010, after reviewing a functional capacity evaluation (FCE), he noted the FCE confirmed his opinion that claimant is permanently and totally disabled. On April 27, 2010, Dr. Bruno clarified his earlier rating by explaining that the "23% may be attributed – 50% of 23% for each leg." He again confirmed claimant is totally disabled from gainful employment.

James Melisi, M.D., a neurosurgeon, responded to a questionnaire dated February 19, 2010 indicating that claimant is not permanently, nor totally, disabled based on the medical records. Dr. Melisi further opined there are no objective findings that would form a basis that claimant is unable to work in any capacity.

Charles M. Citrin, M.D., a neuroradiologist, reviewed claimant's medical records, and in a letter dated February 22, 2010, opined there are no objective findings in the lumbar diagnostics to support claimant's claim that he is permanently and totally incapacitated.

Anthony Debs, M.D., an orthopedic surgeon, examined claimant on February 8, 2010, and reviewed claimant's medical records, including the opinions of Drs. Li and Shear. In his letter dated February 19, 2010, Dr. Debs concluded that claimant has the capacity to work light-duty or sedentary work and that there are no objective studies to support claimant's claim that he is permanently and totally incapacitated.

Responding to a questionnaire dated May 4, 2010, Dr. Debs commented on Dr. Bruno's disability rating of 11.5% for each of claimant's legs. Dr. Debs indicated it is not standard

practice to split a lumbar rating in half to determine ratings to each leg. He therefore disagreed with Dr. Bruno's ratings. Dr. Debs then opined that based on his examination and review of the medical records, he would give no impairment rating to claimant's left leg.

The deputy commissioner found claimant was not permanently and totally disabled, concluding, "[w]hile the claimant may have presented sufficient evidence that he is not capable of gainful employment, the evidence does not show total impairment of his legs or that he is unable to use his legs to any substantial degree in any gainful employment."

The full commission affirmed the deputy's finding of no permanent and total disability. Giving little weight to Dr. Bruno's disability ratings, the commission determined that "the evidence fails to demonstrate a loss of use of both lower extremities as required under [Code § 65.2-503] to entitle the claimant to permanent total disability benefits."

This appeal follows.

ANALYSIS

Code § 65.2-503(C) provides compensation for permanent and total incapacity for "[l]oss of both hands, both arms, both feet, both legs, both eyes or any two thereof in the same accident." "In construing this section, the permanent loss of the use of a member shall be equivalent to the loss of such member . . . ." Code § 65.2-503(D).

> "Loss of use" need not be measured in terms of an anatomical loss. Commonwealth v. Powell, 2 Va. App. 712, 715, 347 S.E.2d 532, 533 (1986). "'[T]otal and permanent loss' or 'loss of use' do not mean that the leg is immovable or that it cannot be used in walking around the house, or even around the block." Virginia Oak Flooring Co. v. Chrisley, 195 Va. 850, 857, 80 S.E.2d 537, 541 (1954). Although an award of benefits under this section does not depend upon "the capacity or incapacity of claimant to engage in gainful employment," this capacity "is a proper element for consideration" in determining the extent of loss of use of a member. Chrisley, 195 Va. at 860, 80 S.E.2d at 542[.]

- 4 -

Pantry Pride v. Backus, 18 Va. App. 176, 179, 442 S.E.2d 699, 701 (1994) (other citation omitted).

In reference to an injured leg, the phrase "total and permanent loss" or "loss of use" means "that the injured employee is unable to use it in any substantial degree in any gainful employment." Chrisley, 195 Va. at 857, 80 S.E.2d at 541. In Atlantic Life Ins. Co. v. Worley, 161 Va. 951, 172 S.E. 168 (1934), in which that expression was used in the insurance policy, the Supreme Court of Virginia explained that "the disability contemplated by the policy did not mean a state of absolute helplessness, but meant the inability to do substantially all of the material acts necessary to the prosecution of any occupation for remuneration or profit in substantially the customary and usual manner in which such occupation is prosecuted." Id. at 960, 172 S.E at 172.

The claimant has the burden to prove, by a preponderance of the evidence, his entitlement to permanent total disability benefits. See Hungerford Mechanical Corp. v. Hobson, 11 Va. App. 675, 678, 401 S.E.2d 213, 215 (1991) (noting that a claimant has the burden of establishing by a preponderance of the evidence that he is entitled to compensation). Whether claimant is totally and permanently disabled is a question of fact. "'Factual findings of the [Workers' Compensation] Commission will be upheld on appeal if supported by credible evidence.'" Tumlin v. Goodyear Tire & Rubber, 18 Va. App. 375, 378, 444 S.E.2d 22, 23 (1994) (quoting James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989)).

> "A question raised by conflicting medical opinion is a question of fact." Commonwealth v. Powell, 2 Va. App. 712, 714, 347 S.E.2d 532, 533 (1986). Accordingly, the commission could properly accept those medical opinions most favorable to the claimant and, if appropriate, disregard others. On review by this Court, we examine the record to ascertain whether credible evidence supports the finding that the claimant had reached maximum medical improvement. "The fact that there is contrary evidence in the record is of no consequence if there is credible evidence to support the commission's finding." Wagner

> Enterprises, Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32,
> 35 (1991).

Cafaro Construction Co. v. Strother, 15 Va. App. 656, 660, 426 S.E.2d 489, 491 (1993) (footnote and other citations omitted).

Claimant argues the commission erred in finding he was not entitled to permanent and total disability benefits. Thus, our inquiry is whether there is credible evidence to support the commission's findings. We find there is.

Dr. Dorai indicated claimant had permanent partial disability to his right leg but did not provide an impairment rating to the left leg.[1]

Drs. Melisi, Citron, and Debs all opined that claimant did not suffer from a permanent and total disability. Drs. Debs and Melisi concluded claimant had the capacity for light-duty or sedentary work. As fact finder, the commission weighed the totality of the medical evidence and accepted the opinions of Drs. Melisi, Citron, Debs, and Dorai, while rejecting the contrary opinions of Drs. Bruno, Shear, and Li that claimant was permanently and totally disabled.[2]

"Questions raised by conflicting medical opinions must be decided by the commission." Penley v. Island Creek Coal Co., 8 Va. App. 310, 318, 381 S.E.2d 231, 236 (1989). Moreover, "[i]n determining whether credible evidence exists, the appellate court does not retry the facts,

---

[1] The dissent accepted the testimony of Drs. Bruno, Shear, and Li that claimant is permanently and totally disabled.

[2] We note that the commission's opinion did not specifically refer to the reports of Drs. Citron, Debs, and Melisi. However, "an appellate court's 'examination is not limited to the evidence mentioned by a party in trial argument or by the trial court in its ruling.'" Perry v. Commonwealth, 280 Va. 572, 580, 701 S.E.2d 431, 436 (2010) (quoting Bolden v. Commonwealth, 275 Va. 144, 147, 654 S.E.2d 584, 586 (2008)). Instead, "'an appellate court must consider all the evidence admitted . . . that is contained in the record.'" Id. (quoting Bolden, 275 Va. at 147, 654 S.E.2d at 586). Governed by these principles, we find ample evidence in the record to support the commission's finding.

reweigh the preponderance of the evidence, or make its own determination of the credibility of the witnesses." Brooks, 12 Va. App. at 894, 407 S.E.2d at 35.

Because we find the evidence supports the commission's finding that claimant was not permanently and totally disabled, we affirm the commission.

Affirmed.