UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Judges Beales, Athey and Senior Judge Haley
Argued at Fredericksburg, Virginia

JANET RAMALLO

v.      Record No. 1610-19-4

MEMORANDUM OPINION* BY
JUDGE RANDOLPH A. BEALES
APRIL 21, 2020

FAIRFAX COUNTY AND
 FAIRFAX COUNTY BOARD OF SUPERVISORS

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

> David L. Bayne, Jr. (Ashcraft & Gerel, LLP, on brief), for
> appellant.
>
> Sarah W. Townes, Assistant County Attorney (Elizabeth D. Teare,
> County Attorney, on brief), for appellees.

This appeal concerns claimant Janet Ramallo's request "for permanent and total disability

benefits pursuant to [Code] Section 65.2-503(C)" based on her argument that she has lost use of

both her upper limbs and also of her lower left limb. The Workers' Compensation Commission

("Commission") unanimously reversed the deputy commissioner's decision that Ramallo was

"entitled to permanent total disability benefits" because the Commission found that she failed to

meet her burden of proving that she could not use her limbs to any substantial degree in any

gainful employment. Ramallo then timely appealed to this Court.

I. BACKGROUND

Appellant Janet Ramallo worked for Fairfax County as a mental health therapist. On

January 27, 2009, she slipped on ice and sustained a compensable injury to her back. On

October 13, 2010, the Commission entered an award order providing for various periods of

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

temporary total disability, including an open award beginning June 28, 2009. Ramallo subsequently received five hundred weeks of temporary total disability benefits as allowed under Code § 65.2-518. None of that compensation is challenged in this matter. On September 19, 2018, Ramallo filed a change in condition application, in which she asked "for permanent and total disability benefits pursuant to [Code] Section 65.2-503(C)" based on her claim of loss of use of both her upper limbs and also of her left lower limb.

At a hearing before a deputy commissioner on Ramallo's change in condition application, Ramallo testified that she is a fifty-five-year-old woman with a degree in psychology from George Washington University. She stated that, as a result of the 2009 accident, she is "unable to do what [she] used to do before." She testified that she sometimes has trouble lifting things and that she cannot sit or stand for long periods of time. She stated that she also has difficultly typing for long periods of time although she admitted that she is able to write with a pen. She testified that she cannot drive long distances because of the pain in her leg and hip but also because she gets disoriented. She explained that she has "good days [and] bad days." She further testified that, on the bad days, she "can't even stand the sunlight" but on good days, she can "do light housework, [she] can fold laundry, clean countertops, stuff like that."

During her testimony, Ramallo agreed that she also suffered from chronic fatigue, depression, fibromyalgia, and chronic pain syndrome. She agreed that the fibromyalgia and chronic pain syndrome, when active, cause her widespread pain and prevent her from being able to work. She also testified that those conditions make it difficult for her to sleep and that the medication that she takes some nights to help her sleep affects her ability to get up in the morning and work.

Ramallo testified that, after the accident, she volunteered at a nonprofit where she served on the board of directors, and she sometimes drove thirty minutes to reach those meetings. She

agreed that she studied to try to obtain her real estate license although it took her almost eleven months to complete the sixty-three-hour course. She also admitted to having taken an eight-hour flight to Bolivia on more than two occasions since her workplace injury.

Ramallo testified that she worked for a few weeks or months in 2011 or 2012 helping her then-boyfriend with customer service at his construction company. However, she stated that she had trouble getting up in the morning because she has difficulty sleeping at night, which resulted in her being "absent more times than not." She also stated that she has problems with concentration, which ultimately led to her being fired. She described one particular incident when the company sent her to Home Depot to purchase materials, and after making the purchases, she accidentally left the materials in the store's parking lot and drove back to work.

Scott Sevart, a Vocational Rehabilitation Counselor, testified on behalf of Ramallo that he did not believe that Ramallo was employable. Sevart agreed that he was not an expert on causation and that he could not state whether her current symptoms were caused by her workplace accident. In his report, he noted that Ramallo told him that she thought her failure to pass the realtor exam was due to her "memory deficit." Deborah Moreau, who works in the field of vocational rehabilitation and medical case management, testified on behalf of the County that Ramallo was employable. Written reports from both experts were submitted into evidence.

In support of her claim, Ramallo also presented evidence of an independent medical examination (IME) performed on September 11, 2018 by Dr. John Bruno. Dr. Bruno's report noted that since Ramallo's accident, she had suffered symptoms in her neck and in her upper and lower spine, numbness and weakness in her hands, and pain in her left leg. He assigned her 12% loss of use of her right upper limb, 16% loss of use of her left upper limb, and 21% loss of use of her left lower limb. Dr. Bruno concluded that she was "permanently totally disabled from any

type of work due to the loss of usage of both upper extremities and her left lower extremity as a result of the work injury of January 27, 2009."

Ramallo also submitted medical records from Dr. Richard K. Hood, her treating physician. Dr. Hood treated Ramallo for back pain and lower extremity pain. He also treated her for chronic fatigue fibromyalgia syndrome, fibromyalgia, and chronic pain syndrome – none of which are related to her workplace accident.

The County submitted assessments by Dr. Christopher P. Silveri, who briefly treated Ramallo in 2009 following her work injury and then reviewed her medical records leading up to her new claim. He also examined her on February 15, 2019. Dr. Silveri attributed Ramallo's current complaints to "chronic fatigue fibromyalgia syndrome" rather than to her work injury. He stated that he did "not believe that any permanency rating would be attributable to any structural spinal, musculoskeletal or neurologic injury sustained at the time of the injury."

On April 24, 2019, the deputy commissioner issued an amended opinion awarding Ramallo benefits.[1] The deputy commissioner rejected the opinions of Dr. Silveri and accepted those of Dr. Bruno and Dr. Hood. Citing "the two-causes rule," the deputy commissioner stated that Ramallo met her burden of proving causation by showing that her accident was at least a cause preventing her from obtaining gainful employment. The deputy commissioner also gave more weight to Sevart's findings than Moreau's because Moreau based her report on Dr. Silveri's reports.

The County requested review by the full Commission, which unanimously reversed the award of "permanent total disability benefits" to Ramallo. The full Commission found that the medical evidence "supports a finding that the claimant suffers the loss of use alleged in her upper

---

[1] The deputy commissioner issued an initial opinion on April 23, 2019, which was the same as the amended opinion in all respects relevant to this appeal.

extremities and left lower extremity." Like the deputy commissioner, the full Commission accepted the findings of Dr. Bruno and Dr. Hood and stated that those opinions "outweigh the contrary evidence from Dr. Silveri." However, the full Commission also found that Ramallo failed to "demonstrate that she is unable to use these [limbs] 'in any substantial degree in any gainful employment.' [Va. Oak Flooring Co. v.] Chrisley, 195 Va. [850,] 857 [(1954)]." It found that the "claimant's ability to work is also affected by fatigue, lack of concentration, and a memory deficit, none of which have been linked to the workplace accident." The Commission concluded that "[t]aken in its totality, the evidence does not preponderate to a finding that the claimant's bilateral upper limb and left lower limb impairment prevents her from using those limbs in gainful employment."

## II. ANALYSIS

On appeal to this Court, Ramallo argues that the "Virginia Workers' Compensation Commission [the Commission] erred in finding that Appellant did not prove her entitlement to permanent and total disability benefits as provided by Va. Code § 65.2-503(C)."

We view the evidence in this case in the light most favorable to the County, as we must, because it prevailed below before the Commission. See Herbert Clements & Sons, Inc. v. Harris, 52 Va. App. 447, 452 (2008). Furthermore, in appeals from the Commission, we are bound by the Commission's findings of fact and reasonable inferences drawn from the evidence if they are supported by credible evidence in the record. Tuck v. Goodyear Tire & Rubber Co., 47 Va. App. 276, 282 (2005). "Matters of weight and preponderance of the evidence, and the resolution of conflicting inferences fairly deducible from the evidence, are within the prerogative of the commission, Board of Supervisors v. Taylor, 1 Va. App. 425, 431 (1986), and are conclusive and binding on the Court of Appeals." Kim v. Sportswear, 10 Va. App. 460, 465 (1990).

Code § 65.2-500(D) provides for lifetime benefits for a claimant who proves a claim "of total and permanent incapacity" under Code § 65.2-503(C) by proving "[l]oss of both hands, both arms, both feet, both legs, both eyes, or any two thereof in the same accident." "'[T]otal and permanent loss' or 'loss of use' do not mean that the leg is immovable or that it cannot be used in walking around the house, or even around the block." Pantry Pride-Food Fair Stores, Inc. v. Backus, 18 Va. App. 176, 179 (1994) (alteration in original) (quoting Chrisley, 195 Va. at 857). Rather, the terms "mean that the injured employee is unable to use it in any substantial degree in any gainful employment." Chrisley, 195 Va. at 857. To meet her burden of proof regarding her change in condition, Ramallo was required to prove by a preponderance of the evidence that she was unable to use her permanently impaired arms (or one arm and one leg) in gainful employment. See id. at 852.

Here, while the Commission accepted the disability ratings given by Dr. Bruno for Ramallo's limbs, the Commission also concluded that Ramallo failed to meet her burden of proving that she could not use her limbs "in any substantial degree in any gainful employment." The Commission stated, "Taken in its totality, the evidence does not preponderate to a finding that the claimant's bilateral upper limb and left lower limb impairment prevents her from using those limbs in gainful employment." We hold that the Commission did not err in finding that Ramallo failed to prove that her affected limbs could not be used to any substantial degree in any gainful employment because, while Ramallo did present evidence that her limbs caused her pain and numbness, she also presented evidence that her fibromyalgia and other health conditions – which were unrelated to her compensable injury – impeded her from securing gainful employment.[2]

_____

[2] The opinion of the full Commission states, "Dr. Hood also provides ongoing treatment for the claimant's chronic fatigue fibromyalgia syndrome, fibromyalgia, and chronic pain syndrome, *none of which are causally related to the claimant's January 27, 2009 workplace*

The opinion of the full Commission states, "The evidence establishes that for a combination of reasons including those entirely unrelated to her compensable injuries, the claimant will have difficulty in retaining gainful employment." The Commission made a finding of fact that, in addition to her affected limbs, Ramallo's "ability to work is also affected by fatigue, lack of concentration, and a memory deficit, none of which have been linked to the workplace accident." These findings of fact are supported by credible evidence in the record. While on the stand at the hearing before the deputy commissioner, Ramallo agreed that her fibromyalgia and her chronic pain syndrome cause her "diffuse pain that goes throughout" her body and that those conditions sometimes make it difficult for her to work. She testified about her problems with concentration, which she stated ultimately caused her to be fired from her job at the construction company. In addition, Ramallo's own vocational expert, Scott Sevart, stated in his report that Ramallo had told him that she thought her failure to pass the realtor exam was "due to her memory deficit." Therefore, credible evidence in the record supports the Commission's finding that causes unrelated to her compensable injury or her limbs were contributing to her difficulties in finding employment.

In addition, while the Commission stated that Ramallo would have difficulty securing gainful employment due to her various health conditions, it also recited a number of facts that indicate that she may well be able to find a position in which she could use her limbs as they are. The Commission noted that Ramallo volunteered with two organizations for a time after her compensable accident. For one of these organizations, she assisted with "fundraising, making phone calls, and preparing mailers." While recognizing that Ramallo's "pain becomes worse due to prolonged sitting, driving, or stress," the Commission also recognized that the evidence

---

*accident*." (Emphasis added). On appeal to this Court, Ramallo does not really challenge the Commission's finding that these conditions were not caused by the workplace accident.

established that "walking and stretching provide her relief." The Commission also noted that Ramallo "described her continuing efforts to find work to Mr. Sevart, and identified as ideal jobs those in which she had the ability to set her own schedule, as well as those that utilize her considerable skill set." The Commission inferred from this evidence that "claimant herself believes she has at least some marketable residual work capacity." In light of these findings of fact by the Commission indicating that Ramallo could use her limbs in gainful employment in a position that offered flexibility, such as the realtor position she had sought, we cannot say that the Commission erred.[3]

In order to obtain permanent total disability benefits (in addition to the five hundred weeks of temporary total disability benefits Ramallo has already received), Ramallo bore the burden of proving that she was unable to use at least two of her limbs "in any substantial degree in any gainful employment," Chrisley, 195 Va. at 857, not simply that she had a number of other conditions that also made it difficult for her to obtain employment.[4] Given that we are bound by

---

[3] On appeal to this Court, Ramallo argues that "the Commission applied the wrong legal standard when examining whether this interaction of Appellant's injury and neurological pain disorder rendered her eligible for benefits under Code § 65.2-503(C), by misconstruing the term of art, 'gainful employment.'" She contends that the Commission determined that she could do "*some* form of work" when the correct legal question was whether she was capable of "returning to the workforce in a manner which is customary and usual to that field of work." However, this is not really what the Commission holds. Its decision not to award Ramallo benefits was not based on a finding that she could do *some* form of work – instead of work commensurate with her education and experience. The Commission found that Ramallo failed to prove that she could not use her limbs in any form of substantial employment because the evidence she presented indicated that her difficulty in finding work was not because of her limbs but because of health conditions unrelated to the accident.

[4] On appeal, Ramallo argues that, under the two-causes rule, her other health conditions are irrelevant as long as her workplace accident is one of the causes of her disability. See Ford Motor Co. v. Hunt, 26 Va. App. 231, 237-38 (1997) ("The principle is well established that 'where a disability has two causes: one related to the employment and one unrelated [to the employment] . . . full benefits will be allowed.'" (alterations in original) (quoting Bergmann v. L & W Drywall, 222 Va. 30, 32 (1981))). However, that is not the issue here as it is undisputed that Ramallo suffered injuries caused by her workplace accident. She already has received five hundred weeks of temporary total disability benefits as a result of that accident. In this case, in

the findings of fact made by the Commission, we cannot say that the Commission erred in its decision to deny permanent total disability benefits to claimant (in addition to the five hundred weeks of temporary total disability benefits claimant has already received under Code § 65.2-518).

### III. CONCLUSION

In short, the Commission did not err in denying Ramallo's request "for permanent and total disability benefits" under Code § 65.2-503(C) alleging the loss of use of her upper limbs and lower left limb. The Commission made findings of fact (1) that "for a combination of reasons including those entirely unrelated to her compensable injuries, the claimant will have difficulty in retaining gainful employment" and (2) that Ramallo's "ability to work is also affected by fatigue, lack of concentration, and a memory deficit, none of which have been linked to the workplace accident." These findings of fact are not without credible evidence in the record to support them and, therefore, they are binding on this Court on appeal. Based on these findings of fact, we cannot say that the Commission erred in concluding that Ramallo failed to meet her burden of proving that she was unable to use her limbs to any substantial degree in any gainful employment. For all of these reasons, we affirm the Commission's unanimous decision declining to award permanent total disability benefits to Ramallo.

Affirmed.

---

order to prove eligibility for permanent total disability benefits, Ramallo had the more specific burden of proving that she could not use at least two of her limbs "in any substantial degree in any gainful employment." Instead, she presented evidence that certain health conditions were contributing to her inability to find gainful employment, leading to the Commission's conclusion that she did not meet her burden of proof.